**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Dainer Dario Rincon Villamizar,

Petitioner,

v.

Unknown Party, et al.,

Respondents.

No. CV-26-07778-PHX-SMB

**ORDER**

Self-represented Petitioner filed this action under 28 U.S.C. § 2241 challenging his immigration detention. (Doc. 1.) Petitioner, a citizen of Venezuela, entered the United States in September 2022, was processed that same month by immigration authorities, and was released on parole. (*Id.* at 2.) He subsequently filed a Temporary Protection Status Application, which was approved. (*Id.*) On October 5, 2026, Petitioner was detained by Immigration and Customs Enforcement. (*Id.*) He has been detained since that date and has not received a bond hearing. (*Id.* at 3.) Petitioner seeks immediate release or an individualized bond hearing at which the government bears the burden of proof. (*Id.* at 7-8.)

The Court ordered Respondents to show cause why the Petition should not be granted. (Doc. 4.) In the Response, Respondents state that, in light of the holding in *Padilla v. United States Immigration & Customs Enforcement*, No. 24-2801, slip op. at 25-27 (9th Cir. Sept. 21, 2026), they do not oppose a bond hearing. (Doc. 8.) The Court

accepts this concession as non-opposition to granting the Petition in part and granting a bond hearing.

**IT IS ORDERED:**

(1) Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted in part** as described herein.

(2) Respondents must provide Petitioner a bond redetermination hearing within **seven days** or release Petitioner from custody under the same conditions that existed before Petitioner's detention.

(3) Respondents must provide a notice of compliance within **three days** of releasing Petitioner or providing Petitioner a bond hearing.

(4) Any pending motions are denied as moot and the Clerk of Court must enter judgment in Petitioner's favor and close this case.

Dated this 2nd day of November, 2026.

Honorable Susan M. Brnovich
United States District Judge